Taliaferro, J.
The plaintiff, setting himself out as the creditor of defendant (an absentee) in the sum of ten thousand four hundred dollars, with interest, as evidenced by four several promissory notes described in his petition, took out an attachment against his debtor, and cited Thomas P. May &Co., as garnishees, to whom ho propounded the following-interrogatories, vík:
1. Who compose the firm of Thomas P. May & Oo. ? What is the interest of each member of the firm? Is the agreement of partnership in writing-? If yea, annex it to your answers.
2. Are yon in possession of the establishment situated on Camp street, and formerly known as the Crescent newspaper, and now known as tho New Orleans Times?
3. What does the establishment consist of ? Btate the amount of type, presses, engines, and all other materials now used in the establishment, known as the New Orleans Times newspaper, that formerly belonged to, or was used in, the Orescent newspaper establishment, before it became the New Orleans Times. Does not the value of the property exceed, §15,000; if nay, what is its value ?
*17 4. Did you ever acquire, by purchase or otherwise, from auy person, any of the property, type, materials, presses, engines or furniture, that belonged to J. O. Nixon, or were used by him in publishing the Crescent newspaper ? From whom did you acquire them ? Did you receive any hill of sale or receipt therefor ?
5. To whom did Jacob Barker sell the aforesaid establishment ? Have you the bill of sale or receipt given by him ? If yea, annex it to your answers. From whom did Jacob Barker acquire, and from whom did his vendor acquire, the property in'said establishment ?
The garnishees filed an exception, assigning various reasons why they should not he required to answer the interrogatories, the more weighty of which reasons are, that the interrogatories are not pertinent, and that they are covertly intended to attack the title of garnishees to certain property—a mode of proceeding which is irregular and illegal.
The exception was sustained, and the garnishees dispensed from answering the interrogatories. The plaintiff has appealed. ® _
The Articles ’246 and 247, of the Code of Practice, define the rights of the creditor, in regard to third persons having, or supposed to have, in their possession property of, or who may be owing, the debtor against whom the creditor is proceeding. The third party or garnishee may be made a party to the suit, and cited to declare on oath what property belonging to the defendant he has in his possession, or in what sum he is indebted to such defendant, and whether the debt which he owes the defendant is due or not.
The plaintiff, by his interrogatories, does not inquire of the garnishees if they have property belonging to the defendant in their possession, nor if they owe the defendant anything. The pertinency of the interrogatories is not apparent. If, as their tenor would seem to indicate, the plaintiff suspected the garnishees held, under simulated or fraudulent titles, property really belonging to tho defendant, he could uot reach it by garnishment.
The judgment of the lower Court, sustaining the exception, we think correct.
It is therefore ordered, adjudged and decreed, that the judgment of the .District Court be affirmed, with costs.
Howell, J. recused.